**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**JASON-LAMAR EUSTACHE,**

**Plaintiff,**

**vs.** **1:26-CV-1430 (MAD/MJK)**

**DISCOVER FINANCIAL SERVICES,**

**Defendant.**

---

**APPEARANCES:** **OF COUNSEL:**

**JASON-LAMAR EUSTACHE**
Rensselaer, New York
Plaintiff, *Pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

*Pro se* Plaintiff Jason-Lamar Eustache filed a complaint on July 24, 2026, against Discover Financial Services for alleged violations of dozens of federal statutes. *See* Dkt. No. 1. Plaintiff also moved to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. On September 8, 2026, Magistrate Judge Mitchell J. Katz granted Plaintiff's IFP motion, and recommended dismissing Plaintiff's complaint with leave to amend. *See* Dkt. No. 6. On September 21, 2026, Plaintiff filed a "Statement of Claim Amended." Dkt. No. 7. He did not, however, file objections to the Order and Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A proper objection must be timely, specific, and "not raise new arguments not

previously made before the magistrate judge." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (citation omitted). When a party declines to file objections, or "fails to properly object[,]" the district judge reviews the report-recommendation for clear error. *Id.* at 358-59. After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Here, because Plaintiff did not file any objections, the Court will review Magistrate Judge Katz's recommendations for clear error.

The Court finds no clear error in Magistrate Judge Katz's Order and Report-Recommendation. Dismissal of the complaint is appropriate because it does not provide sufficient notice of the claims Plaintiff seeks to bring. Indeed, the complaint contains no dates or explanations as to what credits, letters, or defaults Plaintiff is discussing. *See* Dkt. No. 1. As such, Plaintiff has failed to allege any claims in his complaint which can be permitted to proceed. *See Lopez v. Wright*, No. 9:05-CV-1568, 2007 WL 388919, *2 (N.D.N.Y. Jan. 31, 2007) ("Although Rule 8(a)(2) does not require a pleading to state the elements of a prima facie case, it does require the pleading to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation and footnote omitted).

Magistrate Judge Katz next recommended dismissing the complaint with leave to amend. Plaintiff appears to have already taken advantage of that leave by filing a "Statement of Claim Amended." Dkt. No. 7. The Court will refer that filing to Magistrate Judge Katz to review in the first instance.

After carefully reviewing the Order and Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Katz's Order and Report-Recommendation (Dkt. No. 6) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED**; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 7) shall be **REFERRED** to Magistrate Judge Katz for initial review; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 19, 2026
Albany, New York

Mae A. D'Agostino
U.S. District Judge